**HILL, FARRER & BURRILL LLP**
Kevin H. Brogan (Bar No. 089427)
kbrogan@hillfarrer.com
Dean E. Dennis (Bar No. 112616)
ddennis@hillfarrer.com
Stephen J. Tomasulo (Bar No. 181013)
stomasulo@hillfarrer.com
One California Plaza
300 S. Grand Avenue, 37th Floor
Los Angeles, California 90071-3147
Telephone:  213.620.0460
Fax:  213.624.4840

Attorneys for Plaintiffs 3500 SEPULVEDA,
LLC and 13th & CREST ASSOCIATES, LLC
and Counter-Defendants 3500 SEPULVEDA,
LLC, 13th & CREST ASSOCIATES, LLC,
and 6220 SPRING ASSOCIATES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3500 SEPULVEDA, LLC, a Delaware limited liability company; and 13th & CREST ASSOCIATES, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RREEF AMERICA REIT II CORPORATION BBB, a Maryland corporation, et al.<br><br>Defendants. | Case No. 2:17-cv-08537 SB (JPRx)<br><br>**PLAINTIFFS AND COUNTER-DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW** |
| RREEF AMERICA REIT II CORPORATION BBB, a Maryland corporation<br><br>Counter-Claimant,<br><br>3500 SEPULVEDA, LLC, a Delaware limited liability company, et al.<br><br>Counter-Defendants. | Judge:  Stanley Blumenfeld, Jr.<br>Date Action Filed:  October 11, 2017 |

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

## **TABLE OF CONTENTS**

I.    INTRODUCTION .................................................................................... 5

II.   THE PARTIES' CLAIMS AND DEFENSES ........................................ 7

    A.   Summary of Plaintiffs' Claims ................................................... 7

    B.   Summary of RREEF's Counterclaims ........................................ 7

    C.   The Elements of Claims and Counterclaims................................ 7

        1.   Breach of Contract (Claims 1 and 4, Counterclaim 1) .............. 7

        2.   Breach of Implied Covenant of Good Faith and Fair
            Dealing (Claims 2 and 5, Counterclaim 2)............................... 8

        3.   Interference with Easement (Claim 3)....................................... 8

        4.   Declaratory Relief (Counterclaim 3) ........................................ 9

    D.   Evidence Supporting Plaintiffs' Claims ..................................... 9

        1.   Claim 1  - Breach of Contract (COREA) ................................... 9

        2.   Claim 2 - Breach of Implied Covenant of Good Faith and
            Fair Dealing (COREA))........................................................... 10

        3.   Claim 3 - Interference with Easement (COREA)...................... 11

        4.   Claim 4 - Breach of Contract (Settlement Agreement)............ 11

        5.   Claim 5 - Breach of Implied Covenant of Good Faith and
            Fair Dealing (Settlement) ....................................................... 12

    E.   Evidence Relied on by Plaintiffs in Opposition to RREEF's
       Counterclaims ........................................................................... 14

        1.   Breach of Contract (Settlement Agreement) ........................... 14

        2.   Breach of Implied Covenant of Good Faith and Fair
            Dealing (Claims 2 and 5, Counterclaim 2).............................. 15

        3.   Declaratory Relief................................................................... 16

    F.   The Elements Of And Evidence Supporting Plaintiffs'
       Affirmative Defenses ................................................................ 16

        1.   Excuse ..................................................................................... 16

        2.   Justification ............................................................................ 17

        3.   Waiver..................................................................................... 17

    G.   The Elements Of And Evidence Supporting REEF's  Affirmative
       Defenses ................................................................................... 17

        1.   Release & Settlement .............................................................. 17

        2.   Acquiescence & Consent ........................................................ 18

        3.   Unclean Hands  ....................................................................... 18

        4.   Excuse ..................................................................................... 19

        5.   Estoppel .................................................................................. 19

        6.   Statute of Limitations ............................................................. 20

        7.   Laches ..................................................................................... 20

        8.   Failure to Mitigate  ................................................................. 20

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

2

9.    Ripeness:................................................................21
III.    IDENTIFICATION OF ANTICIPATED EVIDENTIARY ISSUES...........21
IV.    IDENTIFICATION OF GERMANE ISSUES OF LAW ...........................21
V.    BIFURCATION OF ISSUES.........................................................21
VI.    JURY TRIAL ...............................................................................21
VII.    ATTORNEYS' FEES......................................................................22
VIII.    ABANDONMENT OF ISSUES ....................................................22

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

2:17-CV-08537 SB (JPRX)

1

## <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Gov't Emps. Ins. Co. v. Dizol*,
    133 F.3d 1220 (9th Cir. 1998) ................................................................... 9

5

*Johnson v. City of Loma Linda*,
    24 Cal. 4th 61 ....................................................................................... 20

6

*Kendall-Jackson Winery, Ltd. v. Superior Court*,
    76 Cal. App. 4th 970 (1999) ................................................................ 18

7

8

*Marder v. Lopez*,
    450 F.3d 445 (9th Cir. 2006) ................................................................ 18

9

10

*Richman v. Hartley*,
    224 Cal.App.4th 1182 (2014) ................................................................. 8

11

12

**Statutes**

13

28 U.S.C. § 2201 ......................................................................................... 9

14

Cal. Civ. Code § 3516 ................................................................................ 18

15

Cal. Civ. Code § 337(a) ............................................................................. 19

16

Cal. Civ. Code § 47 ....................................................... 7, 13, 14, 17, 19, 21

17

**Other Authorities**

18

19

CACI 325 (2018) .......................................................................................... 8

20

CACI 336 ................................................................................................... 17

21

CACI 338 and 358 ..................................................................................... 20

22

CACI 4902 (Modified) ............................................................................... 20

23

1 California Forms of Jury Instruction MB300D.78 ............................. 17, 19

24

Miller & Starr, Cal. Real Estate (4th Ed. 2015), Easements § 15.56 ....... 9

25

2 Cal. Affirmative Def. § 27.1 .................................................................. 21

26

2 Cal. Affirmative Def. § 34 ..................................................................... 19

27

28

4

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

## I.    INTRODUCTION

Defendant and Counter-Claimant RREEF America REIT II ("RREEF") is the principal owner of the shopping center known as the Manhattan Village Shopping Center ("Shopping Center"). Plaintiffs own a building in the Shopping Center known as the Hacienda Building. Plaintiffs and RREEF are parties to a Reciprocal Operating and Construction Easement Agreement ("the COREA") which provides Plaintiffs with, among other things, the right to parking spaces in the Common Area of the Shopping Center. The parties are also parties to a 2008 settlement agreement ("Settlement Agreement") which was designed to resolve disputes regarding RREEF's planned project to redevelop the Shopping Center ("Project").

For decades prior to the Project, there were 477 spaces on flat ground in Lot F, adjacent to and immediately east of the Hacienda building. These spaces provided ample and convenient parking for those wanting to access the Hacienda building, as contemplated by the COREA. The Project has dramatically changed that.

From Plaintiff's perspective, the Settlement Agreement was designed to prevent RREEF from diminishing the parking available for the Hacienda Building in an unacceptable way. The Settlement Agreement included agreed-upon Project site plans, construction plans, parking plans and other exhibits (the "Approved Project Documents"). The Settlement Agreement provided that Plaintiffs consented to the Approved Project Documents but reserved Plaintiffs' right to oppose material revisions that detrimentally affected Plaintiffs' use and operation of the Hacienda Building.

Subsequent to the execution of the Settlement Agreement, RREEF serially modified the Approved Project Documents. Those modifications substantially altered the design, configuration and construction staging of the Project in ways that were contrary to the Approved Project Documents, and submitted these proposed modifications to the City of Manhattan Beach without providing Plaintiffs with the

10-day notice required under the Settlement Agreement.  Although Plaintiffs objected to these modifications, RREEF constructed the Project in a manner materially different than the plans Plaintiffs approved in the Settlement Agreement. In particular, the Project as-built severely limited the number of reasonably convenient parking spaces available to tenants of and visitors to the Hacienda Building.

For example, the Project added more than 31,000 square feet of new retail space in and adjacent to Lot F, which creates significant additional demand for parking in and around Lot F.  Instead of increasing available parking to match the increased demand, the Project removed all but 86 outside, ground level parking spaces.  Defendants have attempted to make up for this dramatic reduction by erecting a three level enclosed parking garage (the North Deck, with 385 spaces) in Lot F to the east of the Hacienda building.

For many reasons, enclosed multi-level parking spaces are far less desirable than open ground-level spaces.  Further, there is no entry/exit point for pedestrians on the west side of the structure which faces the Hacienda building.  Thus, after parking in the structure, a pedestrian who wanted to get to the Hacienda building would have to exit the structure on the north or south side and walk around the outside of the structure to get to the Hacienda building.  In effect, Defendants increased demand for parking in Lot F by adding retail and simultaneously decreased parking spaces, particularly the desirable outside spaces.  RREEF contends that it addressed this problem by adding new spaces in an enclosed structure (the "Northeast Deck") approximately 300 yards from the Hacienda Building and in a nearby Fry's parking lot which is essentially inaccessible to the Hacienda Building because it is separated by a railroad culvert.

Plaintiffs believe that the design and construction of the Project as built violates their rights under both the COREA and Settlement Agreement.  RREEF asserts that it did not violate Plaintiffs' rights but that Plaintiffs violated its rights by

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

challenging the Project in court and with the City.  Plaintiffs believe that any actions they took with regard to the Project were (a) permitted under the Settlement Agreement, and (b) protected under Civil Code Section 47.  Even if this were not the case, Plaintiffs were excused from performing under the Settlement Agreement due to RREEF's material breaches and failure to perform.  Moreover, Plaintiffs' actions were not a proximate cause of any Project delays.  Plaintiffs will introduce documents and testimony as to the myriad causes of Project delay that had nothing to do with Plaintiffs, such as protests and litigation by other parties and issues with the City of Manhattan Beach's approval process.

## II.    THE PARTIES' CLAIMS AND DEFENSES

### A.    Summary of Plaintiffs' Claims

Claim 1:  Breach of Contract (COREA)

Claim 2:  Breach of the Implied Covenant of Good Faith and Fair Dealing (COREA).

Claim 3:  Interference with Easement (COREA)

Claim 4:  Breach of Contract (Settlement Agreement)

Claim 5:  Breach of the Implied Covenant of Good Faith and Fair Dealing (Settlement Agreement).

### B.    Summary of RREEF's Counterclaims

Counterclaim 1:  Breach of Contract (Settlement Agreement).

Counterclaim 2:  Breach of the Implied Covenant of Good Faith and Fair Dealing (Settlement Agreement).

Counterclaim 3:  Declaratory Relief of Rights and Obligations Under the Settlement Agreement.

### C.    The Elements of Claims and Counterclaims

#### 1.    Breach of Contract (Claims 1 and 4, Counterclaim 1)

The elements of a claim for breach of contract are:

7

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

1. The existence of a valid contract;

2. The performance of the contract or excuse for nonperformance by the party asserting the claim or counterclaim;

3. The responding party's breach of the contract;

4. The party asserting the claim or counterclaim suffered resulting damages.

*See Richman v. Hartley*, 224 Cal.App.4th 1182, 1186 (2014)

## 2. **Breach of Implied Covenant of Good Faith and Fair Dealing (Claims 2 and 5, Counterclaim 2)**

The elements of a claim for breach of the implied covenant of good faith and fair dealing are:

1. The existence of a valid contract;

2. The party asserting the claim or counterclaim did all, or substantially all, of the significant things that the contract required it to do, or was excused from doing so;

3. All conditions required for the responding party's performance had occurred;

4. The responding party unfairly interfered with the asserting parrty's right to receive the benefits of the contract; and

5. The asserting party suffered resulting damages.

CACI 325 (2018).

## 3. **Interference with Easement (Claim 3)**

The elements of a claim for interference with easement are:

1. The existence of a valid easement benefiting the party asserting the claim;

2 The responding party's unreasonable interference with the use and enjoyment of the rights provided by the easement.

3 Resulting damages.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

CACI Instruction No. 4902 - Modified

Miller & Starr, Cal. Real Estate (4th Ed. 2015), Easements § 15:56.

### 4.    Declaratory Relief (Counterclaim 3)

The elements of a claim or declaratory relief are:

1.    An actual and substantial controversy has arisen, and now exists, between the parties;

2.    The parties have adverse legal interests;

3.    The controversy is of sufficient immediacy and reality to warrant the issuance of declaratory judgment; and

4.    A judicial declaration is necessary and appropriate in order to determine the respective rights and obligations of the parties.

28 U.S.C. § 2201; *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998).

### D.    Evidence Supporting Plaintiffs' Claims

### 1.    Claim 1  - Breach of Contract (COREA)

1.    The existence of a valid contract.

Plaintiffs do not believe there is any dispute that the COREA is a valid contract/easement.  If necessary, Plaintiffs will introduce documents and testimony to establish its validity.

2.    Plaintiffs' performance of the contract or excuse for nonperformance.

Plaintiffs do not believe there is any dispute that they have performed under the COREA.  If necessary, Plaintiffs will introduce documents and testimony to establish their performance.

3.    RREEF's breach of the contract.

As discussed above, Plaintiffs believe the Project as built deprived them of the right under the COREA to adequate and reasonably convenient parking for the Hacienda Building.  Plaintiffs do not believe there is a dispute between the parties

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

as to the language of the COREA or the current configuration of the shopping center.  Plaintiffs will introduce testimony and documents as to why the current parking situation is inadequate so as to constitute a breach of contract.

4.      Plaintiffs suffered resulting damages.

Plaintiffs will introduce documents and testimony, including expert testimony, to establish that the Hacienda Building was diminished in value as a result of the Project.

## 2.      Claim 2 - Breach of Implied Covenant of Good Faith and Fair Dealing (COREA))

1.      The existence of a valid contract.

Plaintiffs do not believe there is any dispute that the COREA is a valid contract/easement.  If necessary, Plaintiffs will introduce documents and testimony to establish its validity.

2.      Plaintiffs did all, or substantially all, of the significant things that the contract required it to do, or were excused from doing so.

Plaintiffs do not believe there is any dispute that they have performed under the COREA.  If necessary, Plaintiffs will introduce documents and testimony to establish their performance.

3.      All conditions required for the RREEF's performance had occurred.

Plaintiffs do not believe this issue is in dispute.  If necessary, Plaintiffs will introduce documents and testimony to establish that all conditions necessary for RREEF's performance occurred.

4.      RREEF unfairly interfered with Plaintiffs' right to receive the benefits of the contract.

As discussed above, Plaintiffs believe the Project as built deprived them of the right under the COREA to adequate and reasonably convenient parking for the Hacienda Building.  Plaintiffs do not believe there is a dispute between the parties

10

as to the language of the COREA or the current configuration of the shopping center.  Plaintiffs will introduce testimony and documents as to why the current parking situation is inadequate so as to deprive them of the benefit of the contract.

5.      Plaintiffs suffered resulting damages.

Plaintiffs will introduce documents and testimony, including expert testimony, to establish that the Hacienda Building was diminished in value as a result of the Project.

### 3.      Claim 3 - Interference with Easement (COREA)

1.      The existence of a valid easement benefiting Plaintiffs

Plaintiffs do not believe there is any dispute that the COREA is a valid contract/easement.  If necessary, Plaintiffs will introduce documents and testimony to establish its validity.

2.      RREEF's unreasonable interference with the use and enjoyment of the rights provided by the easement.

As discussed above, Plaintiffs believe the Project as built deprived them of the right under the COREA to adequate and reasonably convenient parking for the Hacienda Building.  Plaintiffs do not believe there is a dispute between the parties as to the language of the COREA or the current configuration of the shopping center.  Plaintiffs will introduce testimony and documents as to why the current parking situation is inadequate so as to constitute an unreasonable interference with their easement rights.

3.      Resulting damages.

Plaintiffs will introduce documents and testimony, including expert testimony, to establish that the Hacienda Building was diminished in value as a result of the Project.

### 4.      Claim 4 - Breach of Contract (Settlement Agreement)

1.      The Settlement Agreement is a valid contract.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

Plaintiffs do not believe there is any dispute that the Settlement Agreement is a valid contract.  If necessary, Plaintiffs will introduce documents and testimony to establish its validity.

2.    Plaintiffs were excused from performance under the Settlement.

As noted above, Plaintiffs will introduce documents and testimony to establish that RREEF breached the settlement in a myriad of ways, most notably by making significant deviations to the site plans without providing adequate notice to Plaintiffs and ultimately building the site plan in a way that deprived Plaintiffs of the site plans and conditions they agreed to.  These material breaches excused Plaintiffs' performance.

3.    RREEF breached  the Settlement Agreement.

As discussed above, Plaintiffs believe the Project as built deviated substantially from the agreed upon site plans and deprived them of the right under the Settlement Agreement to adequate and reasonably convenient parking for the Hacienda Building.  Plaintiffs do not believe there is a dispute between the parties as to the language of the Settlement Agreement or the current configuration of the shopping center.  Plaintiffs will introduce testimony and documents as to why the current parking situation is inadequate so as to constitute a breach of the Settlement Agreement.

4.    Plaintiffs suffered resulting damages

Plaintiffs will introduce documents and testimony, including expert testimony, to establish that the Hacienda Building was diminished in value as a result of the Project's material deviation from what was agreed to in the settlement.

## 5.    Claim 5 - Breach of Implied Covenant of Good Faith and Fair Dealing (Settlement)

1.    The existence of a valid contract.

Plaintiffs do not believe there is any dispute that the Settlement Agreement is a valid contract.  If necessary, Plaintiffs will introduce documents and testimony to

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

establish its validity.

2.      Plaintiffs did all, or substantially all, of the significant things that the contract required it to do, or were excused from doing so.

As noted above, Plaintiffs will introduce documents and testimony to establish that RREEF breached the settlement in a myriad of ways, most notably by making significant deviations to the site plans without providing adequate notice to Plaintiffs and ultimately building the site plan in a way that deprived Plaintiffs of the site plans and conditions they agreed to.  These material breaches excused Plaintiffs' performance.

3.      All conditions required for RREEF's performance had occurred.

Plaintiffs are unaware of any conditions that had not occurred that were necessary for RREEF's performance.

4.      Defendant unfairly interfered with the asserting party's right to receive the benefits of the contract.

As discussed above, Plaintiffs believe the Project as built deviated substantially from the agreed upon site plans and deprived them of the right under the Settlement Agreement to adequate and reasonably convenient parking for the Hacienda Building.  Plaintiffs do not believe there is a dispute between the parties as to the language of the Settlement Agreement or the current configuration of the shopping center.  Plaintiffs will introduce testimony and documents as to why the current parking situation is inadequate so as to constitute a breach of the implied covenant of good faith and fair dealing.

5.      The asserting party suffered resulting damages.

Plaintiffs will introduce documents and testimony, including expert testimony, to establish that the Hacienda Building was diminished in value as a result of the Project's material deviation from what was agreed to in the Settlement Agreement.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
300 S. GRAND AVENUE, 37TH FLOOR
ONE CALIFORNIA PLAZA
LOS ANGELES, CALIFORNIA 90071-3147

E.      **Evidence Relied on by Plaintiffs in Opposition to RREEF's
Counterclaims**

1.      **Breach of Contract (Settlement Agreement)**

1.      The Settlement Agreement is a valid contract.

Plaintiffs do not dispute that the Settlement Agreement is a valid contract.

2       RREEF's allegation that it performed under the Settlement Agreement
or was excused for nonperformance.

As discussed in the preceding section, Plaintiffs will introduce evidence that
RREEF materially breached and failed to perform under the Settlement Agreement.

3       Plaintiffs' alleged breach of the contract.

RREEF alleges that Plaintiffs delayed their Project in breach of the
settlement by contesting approval of the Project by the City of Manhattan Beach
and pursuing legal proceedings designed to stop the Project.  Plaintiffs believe that
any actions they took with regard to the Project were (a) permitted under the
Settlement Agreement, and (b) protected under Civil Code Section 47.  Even if this
were not the case, Plaintiffs were excused from performing under the Settlement
Agreement  due to RREEF's material breaches and failure to perform as described
in the preceding section of this memorandum.  Moreover, Plaintiffs' actions were
not a proximate cause of any Project delays.  Plaintiffs will introduce documents
and testimony as to the myriad causes of Project delay that had nothing to do with
Plaintiffs, such as protests and litigation by other parties and issues with the City of
Manhattan Beach's approval process.

4.      RREEF's allegation that it suffered resulting damages.

Plaintiffs' actions were not a proximate cause of any Project delays and thus
did not cause RREEF any damages.  Plaintiffs will introduce documents and
testimony as to the myriad causes of Project delay that had nothing to do with
Plaintiffs.  Plaintiffs also believe the methodology employed by RREEF's damages
expert David Bones is unreliable and speculative and will establish this through

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

14

cross-examination and expert testimony.

### 2. **Breach of Implied Covenant of Good Faith and Fair Dealing (Claims 2 and 5, Counterclaim 2)**

1. The existence of a valid contract.

Plaintiffs do not dispute that the Settlement Agreement is a valid contract.

2. RREEF's allegation that it did all, or substantially all, of the significant things that the contract required it to do, or was excused from doing so.

As discussed in the preceding section, Plaintiffs will introduce evidence that RREEF materially breached and failed to perform under the Settlement Agreement.

3. All conditions required for Plaintiffs' performance had occurred.

As discussed in the preceding section, Plaintiffs will introduce evidence that RREEF materially breached and failed to perform under the Settlement Agreement and that all of the conditions necessary for their performance had not occurred..

4. RREEF's allegation that Plaintiffs unfairly interfered with RREEF's right to receive the benefits of the contract.

RREEF alleges that Plaintiffs delayed their Project in violation of its rights under the Settlement Agreement by contesting approval of the Project by the City of Manhattan Beach and pursuing legal proceedings designed to stop the Project. Plaintiffs believe that any actions they took with regard to the Project were (a) permitted under the Settlement Agreement, and (b) protected under Civil Code Section 47. Even if this were not the case, Plaintiffs were excused from performing under the Settlement Agreement due to RREEF's material breaches and failure to perform as described in the preceding section of this memorandum. Moreover, Plaintiffs' actions were not a proximate cause of any Project delays. Plaintiffs will introduce documents and testimony as to the myriad causes of Project delay that had nothing to do with Plaintiffs, such as protests and litigation by other parties and issues with the City of Manhattan Beach's approval process.

5. RREEF's allegation that it suffered resulting damages.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

Plaintiffs' actions were not a proximate cause of any Project delays and thus did not cause RREEF any damages.  Plaintiffs will introduce documents and testimony as to the myriad causes of Project delay that had nothing to do with Plaintiffs.  Plaintiffs also believe the methodology employed by RREEF's damages expert David Bones is unreliable and speculative and will establish this through cross-examination and expert testimony.

### 3.    Declaratory Relief

Plaintiffs do not dispute that there is an actual and substantial controversy between the parties or that the parties have adverse legal interests.  However, Plaintiffs do not believe that the controversy is of sufficient immediacy and reality to warrant the issuance of declaratory judgment or that a judicial declaration is necessary and appropriate in order to determine the respective rights and obligations of the parties.  As discussed above, Plaintiffs believe that the evidence will establish that RREEF – not Plaintiffs – is the party that breached the settlement agreement and this precludes RREEF from obtaining declaratory relief.

### F.    The Elements Of And Evidence Supporting Plaintiffs' Affirmative Defenses

Plaintiffs assert the following affirmative defenses to RREEF's counterclaims:

1.    Excuse

2.    Justification

3    Waiver

### 1.    Excuse

Plaintiffs can establish the defense of excuse by proving either of the following:

1.    RREEF breached an important part of the Settlement Agreement, or

2.    RREEF's conduct was the type of breach that made it more likely that

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

16

RREEF would breach important parts of the Settlement Agreement in the future.

1 California Forms of Jury Instruction MB300D.78

As discussed above Plaintiffs will introduce testimony and documents establishing that RREEF materially breached the Settlement Agreement so as to satisfy the defense of excuse.

### 2.   Justification

To establish the defense, Plaintiffs must show that the alleged actions of Plaintiffs were justified because they were privileged under California Civil Code § 47 in that the statements and actions were made (1) in the course of judicial proceedings; or (2) any other official proceeding authorized by law.

Plaintiffs believe that as a legal matter, their conduct in terms of interactions with the City of Manhattan Beach and the judicial system are protected under Civil Code Section 47.

### 3.   Waiver

To establish this defense, Plaintiffs must show that (1) RREEF knew that Plaintiffs were required to perform under the Settlement Agreement; and (2) RREEF freely and knowingly gave up its rights to have Plaintiffs perform under the Settlement Agreement.  *See* CACI 336.

As discussed above, Plaintiffs will introduce evidence of intentional and material breaches of the Settlement Agreement that satisfy these elements.

### G.   The Elements Of And Evidence Supporting REEF's  Affirmative Defenses

#### 1.   Release & Settlement:

Elements

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

RREEF America must show that Plaintiffs abandoned, relinquished, or gave up their asserted rights or claims against RREEF America.  *See Marder v. Lopez*, 450 F.3d 445, 449 (9th Cir. 2006)

Plaintiffs' Response

Although it is not entirely clear, Plaintiffs believe this defense relates to releases in the Settlement Agreement.  As discussed above, Plaintiffs will introduce evidence of RREEF's breaches which excuse their performance under the Settlement Agreement.

### 2.    <u>Acquiescence & Consent:</u>

Elements

Defendants must show that Plaintiffs voluntarily consented and/or acquiesced to the acts which they now claim are wrongful.  *See* Cal. Civ. Code § 3516

Plaintiffs' Response

Although it is not entirely clear, Plaintiffs believe this defense relates to the Settlement Agreement.  As discussed above, Plaintiffs will introduce evidence of RREEF's breaches which excuse their performance under the Settlement Agreement.

### 3.    <u>Unclean Hands:</u>

Elements

Defendants must show that Plaintiffs have committed misconduct "connected to the subject matter of [this] litigation that affects the equitable relations between [Defendants and Plaintiffs]."  *Kendall-Jackson Winery, Ltd. v. Superior Court*, 76 Cal. App. 4th 970, 974 (1999).

Plaintiffs' Response

Plaintiffs believe this defense relates to their alleged breaches of the Settlement Agreement.  As discussed above, Plaintiffs will introduce evidence

establishing that their actions were permitted under the Settlement Agreement and protected under Civil Code Section 47, and that Plaintiffs were excused from performance.

### 4.    Excuse:

Elements

RREEF must show that

1.    Plaintiffs breached an important part of the Settlement Agreement, or

2.    Plaintiffs' conduct was the type of breach that made it more likely that Plaintiffs would breach important parts of the Settlement Agreement in the future.

1 California Forms of Jury Instruction MB300D.78

Plaintiffs' Response

As discussed above, Plaintiffs will introduce evidence establishing that their actions were permitted under the Settlement Agreement and protected under Civil Code Section 47, and that Plaintiffs were excused from performance.

### 5.    Estoppel:

Elements

Defendants must show that (1) Plaintiffs represented to Defendants, or concealed from them, material facts; (2) with actual or virtual knowledge of facts; (3) Defendants were actually and permissibly ignorant of the truth; (4) Plaintiffs had the actual or virtual intention that Defendants act on the representation or concealment; and (5) Defendants were induced so to act to their detriment. *See* 2 Cal. Affirmative Def. § 34 (Estoppel).

Plaintiffs' Response

Plaintiffs are unaware of any representations that would support an estoppel.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

### 6.    <u>Statute of Limitations:</u>

Elements

Defendants must show that Plaintiffs' claimed harm occurred before October 11, 2013.  *See* CACI 338; Cal. Code Civ. P. § 337(a) (four-year statute of limitations); ECF No. 1-1 (complaint filed October 11, 2017).

Plaintiffs' Response

Plaintiffs will introduce evidence of ongoing and material breaches of the COREA and Settlement Agreement that occurred well after October 11, 2013

### 7.    <u>Laches:</u>

Elements

Defendants must show that (1) Plaintiffs unreasonably delayed bringing a claim; and (2) either Plaintiffs acquiesced in that act about which they complain, or Defendants suffered prejudice as a result of the delay.  *See Johnson v. City of Loma Linda*, 24 Cal. 4th 61, 68 (2000.

Plaintiffs' Response

Plaintiffs do not believe there is any evidence of unreasonable delay but if any is introduced, they will address it at trial.

### 8.    <u>Failure to Mitigate:</u>

Elements

Defendants must show that Plaintiffs seek to recover damages that could have been avoided with reasonable efforts or expenditures.  *See* CACI 358 (Mitigation of Damages).

Plaintiffs' Response

Plaintiffs' damages result from the diminution in value as the result of the Project.  There was no way to mitigate this damage.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

**9.**    **Ripeness:**

Elements

Defendants must show that Plaintiffs' claims are prematurely brought and that the dispute is not yet sufficiently concrete to warrant judicial consideration.  *See* 2 Cal. Affirmative Def. § 27:1.

Plaintiffs' Response

As discussed above, Plaintiffs have suffered concrete damages as the result of the Project.  It is not clear how or why this claim would not be ripe.

## III.    IDENTIFICATION OF ANTICIPATED EVIDENTIARY ISSUES

Plaintiffs are not currently aware of any evidentiary issues other than those identified in the parties' anticipated motions in limine and objections to trial exhibits. Plaintiffs reserve their right to identify additional issues as they may arise.

## IV.    IDENTIFICATION OF GERMANE ISSUES OF LAW

There is a legal issue as to Plaintiffs' position that their actions are subject to the privilege afforded by California Civil Code § 47.

## V.    BIFURCATION OF ISSUES

Plaintiffs are not requesting bifurcation of any issues. Plaintiffs are not aware that Defendants have requested bifurcation of any issues.

## VI.    JURY TRIAL

The issues that form the basis for RREEF's counterclaims are triable to a jury as a matter of right. Plaintiffs have made a timely demand for jury trial but are currently attempting to select a magistrate judge to try the case.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

## VII.   ATTORNEYS' FEES

Plaintiffs seek to recover all attorneys' fees and expenses reasonably incurred in connection with their claims and defense of RREEF's counterclaims pursuant to Section 18 of the October 2008 Settlement Agreement.

## VIII.   ABANDONMENT OF ISSUES

Plaintiffs have abandoned their declaratory relief claims and those affirmative defenses not set forth in this memorandum..

DATED:  November 19, 2021          HILL, FARRER & BURRILL LLP


By: */s/ Stephen Tomasulo*
   Kevin H. Brogan
   Dean E. Dennis
   Stephen Tomasulo
   Attorneys for Plaintiffs 3500
   SEPULVEDA, LLC and 13th &
   CREST ASSOCIATES, LLC and
   Counter-Defendants 3500
   SEPULVEDA, LLC, 13th & CREST
   ASSOCIATES, LLC, and 6220
   SPRING ASSOCIATES, LLC

HFB 2455651.1 T4501 002

PLAINTIFFS AND COUNTER-DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147