**HILL, FARRER & BURRILL LLP**
Kevin H. Brogan (Bar No. 089427)
kbrogan@hillfarrer.com
Dean E. Dennis (Bar No. 112616)
ddennis@hillfarrer.com
Stephen J. Tomasulo (Bar No. 181013)
stomasulo@hillfarrer.com
One California Plaza
300 S. Grand Avenue, 37th Floor
Los Angeles, California 90071-3147
Telephone:  213.620.0460
Fax:  213.624.4840

Attorneys for Plaintiffs/Counter-Defendants
3500 SEPULVEDA, LLC and 13th & CREST
ASSOCIATES, LLC, and Counter-Defendant
6220 SPRING ASSOCIATES, LLC

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3500 SEPULVEDA, LLC, a Delaware limited liability company; and 13th & CREST ASSOCIATES, LLC, a California limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> RREEF AMERICA REIT II CORPORATION BBB, a Maryland corporation; MACY'S WEST STORES, INC; and Does 1-25, inclusive, <br><br> Defendants. | Case No. 2:17-cv-08537 -AFM <br><br> The Honorable Alexander F. MacKinnon <br><br><br> **PLAINTIFFS' OPENING BRIEF RE RREEF'S VIOLATION OF THE COREA** <br><br> Date Action Filed:  October 11, 2017 |
| RREEF AMERICA REIT II CORPORATION BBB, a Maryland corporation <br><br> Counter-Claimant, <br><br> 3500 SEPULVEDA, LLC, a Delaware limited liability company;13th & CREST ASSOCIATES, LLC, a California limited liability company; and 6220 SPRING ASSOCIATES, LLC, a California limited liability company, <br><br> Counter-Defendants. | |

1

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I.   INTRODUCTION ...................................................................................... 4

II.  FACTUAL BACKGROUND ..................................................................... 5

    A.   The COREA Grants Parking Rights To Plaintiffs. ........................... 5

    B.   The Project Diminished the Convenient Parking That Had Been Available Under the COREA To Visitors To Hacienda Building for Decades .................................................................................... 6

III. LEGAL ARGUMENT ............................................................................... 9

    A.   Defendants Have Exercised Their Rights Under The COREA in A Manner That Unreasonably Interferes With Plaintiffs' Easement Rights. ............................................................................ 9

        1.   The Project Has Fundamentally Changed How Hacienda Customers Had Parked For Nearly Four Decades, Making It More Difficult And Less Safe For Customers To Access The Property. ............................................................. 10

        2.   Given the General Terms Of The Easement Grant, The Court Must Look to Past Use – 37 Years Of Open Lot F Parking - To Determine The Extent Of The Easement. .......... 11

    B.   RREEF's Conduct Constitutes A Breach Of The COREA (Claim 1). .................................................................................... 13

    C.   RREEF's Unreasonable Interference With Plaintiff's Parking Rights Constitute A Breach Of The Covenant Of Good Faith And Fair Dealing And Declaratory Relief (Claim 2). ..................... 13

    D.   RREEF Unreasonably Interfered With Plaintiffs' Easement Rights (Claim 3). .................................................................... 14

IV.  CONCLUSION ....................................................................................... 14

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*,
  2 Cal.4th 342 (1992) .......................................................................................... 13

*City of Los Angeles v. Ingersoll-Rand Co.*,
  57 Cal. App. 3d 889 (1976) ............................................................................. 10

*Dolnikov v. Ekizian*
  222 Cal. App. 4th 419 (2013) ............................................................... 9, 10, 13

*Foley v. Interactive Data Corp.*,
  47 Cal.3d 654 (1988) ....................................................................................... 13

*Pacific Gas & Elec. Co. v. Hacienda Mobile Home Park*,
  45 Cal. App. 3d 519 (1975) ............................................................................. 10

*Racine & Laramie, Ltd. v. Dep't of Parks & Rec.*,
  11 Cal. App. 4th 1026 (1992) .......................................................................... 14

*Reichert v. General Ins. Co.*,
  68 Cal. 2d 822 (1968) ...................................................................................... 13

**Other Authorities**

6 Miller & Starr, Cal. Real Estate (4th Ed. 2015), Easements § 15:56 .................. 11

**PLAINTIFFS' OPENING BRIEF RE RREEF'S VIOLATION OF THE COREA**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

## I.    INTRODUCTION

Defendant and Cross-Complainant RREEF America REIT II Corporation BBB ("RREEF America") and Defendant Macy's West Stores, Inc. ("Macy's") own 22 of the 23 parcels comprising the Manhattan Village Shopping Center in Manhattan Beach, California (the "Shopping Center"). Plaintiffs 3500 Sepulveda, LLC and 13th & Crest Associates, LLC ("Plaintiffs") own a building known as the Hacienda Building on the remaining parcel in the Shopping Center. Plaintiffs, RREEF and Macy's are parties to a Construction and Operation Reciprocal easement Agreement (the "COREA") which governs the use of the property that comprises the Shopping Center. Among other things, the COREA provides Plaintiffs with the right to parking spaces in the common areas of the Shopping Center for visitors to the Hacienda Building.

This case arises out of a project undertaken by RREEF to expand and renovate the Shopping Center. In response to RREEF's motion for summary judgement, the court has ruled that there are triable issue of fact regarding whether the Project as built unreasonably interferes with Plaintiff's rights under the COREA. In particular, Plaintiffs believe that the Project fundamentally impaired access to parking spaces for visitors to the Hacienda Building in violation of the COREA.

For decades prior to the Project, there were 477 spaces on flat ground in Lot F, adjacent to and immediately east of the Hacienda building. These spaces provided ample and convenient parking for those wanting to access the Hacienda building, as contemplated by the COREA. The current situation is dramatically different. The Project added 45,000 feet of new retail space in and adjacent to Lot F, which creates significant additional demand for parking in and around Lot F. Instead of increasing available parking to match the increased demand, the Project removed all but 86 outside, ground level parking spaces. Defendants have attempted to make up for this dramatic reduction by erecting a three level enclosed parking garage (the North Deck,

with 385 spaces) in Lot F to the east of the Hacienda building. Even with the
remaining 86 ground level spaces in and around Lot F, that still represents a reduction
in nearby parking spaces from 477 to 471, despite the increased demand crated by
the new retail.

Plaintiffs intend to present evidence at the hearing on this issue to establish
that for many reasons, the post-Project enclosed, multi-level parking spaces are far
less desirable than open ground-level spaces. Further, there is no entry/exit point for
pedestrians on the west side of the structure which faces the Hacienda building. Thus,
after parking in the structure, a pedestrian who wanted to get to the Hacienda building
would have to exit the structure on the north or south side and walk around the outside
of the structure to get to the Hacienda building. In effect, Defendants increased
demand for parking in Lot F by adding retail and simultaneously decreased parking
spaces, particularly the desirable outside spaces.

RREEF may argue that it added additional parking in the Shopping Center
which alleviates any problems created by the detrimental changes to Lot F. While
RREEF did add two other parking structures, the Northeast Deck and the South Deck,
those structures are too far from the Hacienda Building to alleviate the post-Project
deficiencies for the Hacienda Building. Many of the parking spaces in the Northeast
Deck are not even within the footprint of the COREA.

The Court ruled that there is a triable issue of fact as to whether RREEF's
construction of the Project constitutes: Breach of Contract (Claim 1); Breach Of The
Implied Covenant of Good faith and Fair Dealing (Claim 2); and/or Unreasonable
Interference with Easement (Claim 3).

## II.    FACTUAL BACKGROUND

### A.    The COREA Grants Parking Rights To Plaintiffs.

The COREA was originally executed in 1980 between predecessors in interest

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

to Plaintiffs and RREEF.  (SF[1], ¶ 2,7).  As successors in interest, Plaintiffs and RREEF are parties to the COREA.  (SF, ¶ 7).  The primary grant of easement in the COREA is in Section 2.1, which reciprocally grants all parties an easement over the others for, among other things, "**the *passage and accommodation of pedestrians and vehicles*** … and for the doing of such other things as are authorized or required to be done on said Common Area …."  (SF, ¶, Ex. A, Section 2.1).  As discussed below, the Project fundamentally changed how Plaintiffs are able to exercise those rights.

### B.     The Project Diminished The Convenient Parking That Had Been Available Under The COREA To Visitors To Hacienda Building For Decades

The Hacienda Building is located in the Northwest Corner of the Shopping Center.  (SF, ¶ 3)  To help the court visualize the layout of the Shopping Center, the parties have attached pre and post Project site plans as Exhibits B and D to the Joint Stipulation of Facts also being filed today.  Those exhibits are recreated below:

**Before**



(Ex. B)

---

[1] As used herein, "SF" refers to the Stipulated Facts in the Joint Stipulation of Facts being filed concurrently with this brief.

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

**After**



(Ex. D)

The Hacienda Building is located at the northwest corner of the original footprint of the Shopping Center.  (SF, ¶ 3)  As reflected on Exhibit B, prior to the Project there was a large, open, outdoor parking lot immediately to the east of the Hacienda Building.  (SF, ¶ 9-10).  That lot is known as Lot F.  (SF, ¶ 9).  For decades prior to the Project, there were 477 parking spaces in and adjacent to Lot F, which provided ample and convenient parking for those wanting to access the Hacienda building as contemplated by the COREA.   (SF, ¶ 9-10).

The Project added 45,000 feet of new retail space (the Village Shops) in and adjacent to Lot F, which creates significant additional demand for parking in and around Lot F.  (SF, ¶ 7)  Instead of increasing available parking, the Project removed all but 86 outside, ground level parking spaces.  (SF, ¶ 7)  Defendants attempted to make up for this dramatic reduction by erecting a three-level enclosed parking garage (the North Deck) in Lot F to the east of the Hacienda building.  (SF, ¶ 15)  The post-Project site plan shows the North Deck to the east of the Hacienda Building abutted by the Village Shops to the south and east of the North Deck.

Exhibit D reflects the post-Project available parking in and around Lot F as follows:

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

1    North Deck – 385 spaces

2    Ground level immediately east of the Hacienda building – 45 spaces

3    Ground level northeast of the Hacienda building – 41 spaces

4    **Total Post-Project Lot F Spaces - 471.**

5    (SF, ¶ 15, Ex. D).

6    Despite the increased parking demand resulting from the additional retail, the

7 Shopping Center lost spaces in Lot F (from 477 spaces to 471 spaces).  (SF, ¶ 9-10,

8 15)  Plaintiffs intend to present evidence at the hearing on this issue to establish that

9 this drastic alteration to the parking configuration constitutes unreasonable

10 interference with and a breach of Plaintiffs' rights under the COREA.   Plaintiffs

11 believe this evidence will establish, among other things, that:

12    -   Of the remaining 471 spaces, 30 are dedicated to van pools and cannot be

13        used by visitors to the Hacienda Building, effectively leaving only

14        441spaces.

15    -   The new spaces in the North Deck are far less desirable than the previous

16        spaces, as it more convenient to park in an open lot than to have to enter a

17        structure and drive up multiple levels to park.

18    -   There is no entry/exit point for pedestrians or pedestrian walkway on the

19        west side of the structure which faces the Hacienda building.  The only

20        access point on the west side is for vehicles, and pedestrians cannot use this

21        without risking being hit by ingoing or outgoing traffic.  Thus, after parking

22        in the structure, a pedestrian who wanted to get to the Hacienda building

23        would have to exit the structure on the north or south side and walk around

24        the outside of the structure to get to the Hacienda building.

25    -   The post-Project parking configuration is inadequate to meet the needs of

26        the Hacienda Building.

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

8

1  In effect, Defendants increased demand for parking in Lot F by adding retail

2  and simultaneously decreased parking spaces, particularly the desirable outside

3  spaces.

4  The Project did add additional parking structures known as the South Deck

5  and the Northeast Deck. (SF, ¶ 13, 16, 17). However, Plaintiffs believe the evidence

6  presented at trial will establish that these structures are located too far from the

7  Hacienda Building to make up for the shortfall in and around Lot F created by the

8  Project. As reflected on Exh. D, much of the Northeast Deck is located outside of

9  the footprint of the COREA.

10

11  **III.   LEGAL ARGUMENT**

12  **A.    Defendants Have Exercised Their Rights Under the COREA In a**

13  **Manner That Unreasonably Interferes With Plaintiffs' Easement**

14  **Rights.**

15  Plaintiffs believe that although Defendants may have had the abstract right

16  under the COREA to build new or different structures on the common area of the

17  Shopping Center, the manner in which RREEF exercised that right has unreasonably

18  interfered with Plaintiffs' easement rights. Indeed, although servient owners of an

19  easement are "entitled to make all uses of the land that are not prohibited by the

20  servitude," that broad scope of rights is limited in a fundamental way: the servient

21  owner cannot "interfere unreasonably with the uses authorized by the easement."

22  *Dolnikov v. Ekizian* 222 Cal. App. 4th 419, 429 (2013).

23  Here, there is compelling evidence that the as-built condition of Defendants'

24  Project substantially interferes with Plaintiffs' easement rights by, among other

25  things, reducing the total number of parking available in Lot F despite substantially

26  increasing parking demand, reducing the number of ground-level parking, and

27  restricting direct access to the Hacienda Building.

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

PLAINTIFFS' OPENING BRIEF RE RREEF'S VIOLATION OF THE COREA

1. *The Project Has Fundamentally Changed How Hacienda Customers Had Parked For Nearly Four Decades, Making it More Difficult and Less Safe for Customers to Access the Property.*

"Whether a particular use of the land by the servient owner is an unreasonable interference with the rights of the dominant owner is a question of fact for the trier of fact …." *Pacific Gas & Elec. Co. v. Hacienda Mobile Home Park*, 45 Cal. App. 3d 519, 528 (1975) (emphasis added).  In determining whether there has been unreasonable interference, courts are to look at the respective rights and obligations of the dominant and servient owners and apply what is often called the "rule of reason," which states:

> The rights and duties between the owner of an easement and the owner of the servient tenement ... are correlative. Each is required to respect the rights of the other. Neither party can conduct activities or place obstructions on the property that unreasonably interfere with the other party's use of the property. In this respect, there are no absolute rules of conduct. The responsibility of each party to the other and the 'reasonableness' of use of the property depends on the nature of the easement, its method of creation, and the facts and circumstances surrounding the transaction.

*Dolnikov*, 222 Cal. App. 4th 419, 428–429.[2]

---

[2] *See City of Los Angeles v. Ingersoll-Rand Co.*, 57 Cal. App. 3d 889, 894 (1976) (stating that as the precision of the language describing the easement owner's privileges decreases, "the application of the principle that the owner of the easement and the possessor of the servient tenement must be reasonable in the exercise of their respective privileges becomes more pronounced. Under this principle, the privilege of use of the possessor of the servient tenement may vary as the respective needs of himself and the owner of the easement vary.").

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

As applied to servient owners like Defendants, the rule of reason states that "the servient owner may use his property in any manner not inconsistent with the easement so long as it does not *unreasonably impede* the dominant tenant in his rights." *Id.* at 429 (emphasis in original). "Actions that make it *more difficult to use an easement*, that interfere with the ability to maintain and repair improvements built for its enjoyment, or that *increase the risks attendant on exercise of rights created by the easement* are prohibited ...." *Id.* (emphasis added). In considering whether there has been actionable interference, "the interests of the parties must be balanced to strike a reasonable accommodation that maximizes overall utility to the extent consistent with effectuating the purpose of the easement ... and subject to any different conclusion based on the intent or expectations of the parties... ." *Id.* at 430.

> 2.    *Given The General Terms Of the Easement Grant, The Court Must Look To Past Use – 37 Years Of Open Lot F Parking - To Determine The Extent Of The Easement.*

Here, the primary grant of easement in the COREA is in Section 2.1, which reciprocally grants all parties an easement over the others for, among other things, "**the *passage and accommodation of pedestrians and vehicles*** ... and for the doing of such other things as are authorized or required to be done on said Common Area ...." (SF, ¶ 2, 7, Ex. A).

Section 2.1 is stated in general terms—it does not provide specifics regarding how to "accommodate" pedestrians and vehicles, or where the parking spaces are to be located.

Under California law, "[w]hen the instrument of conveyance grants an easement in general terms, without specifying or limiting the extent of its use, the permissible use is determined in the first instance by the intention of the parties and the purpose of the grant." 6 Miller & Starr, Cal. Real Estate (4th Ed. 2015),

Easements § 15:56.  However, *"[o]nce the easement has been used for a reasonable time, the extent of its use is established by the past use*."  *Id.* (collecting cases) (emphasis added).

In the 37 years before Defendants commenced the Project, Plaintiffs' easement for "passage and accommodation of pedestrians and vehicles" has primarily been in the form of Lot F, which during that nearly four-decade stretch contained 477 ground-level spaces with convenient and direct access to the Hacienda Tract.  (SF, ¶ 2, 9-10).

As built, the Project has fundamentally interfered with the way Hacienda customers can access the Hacienda property.  The Project has added over 45,000 square feet of retail space in and around Lot F, substantially increasing the parking demand placed on Lot F.  (SF, ¶ 7)  But rather than increasing available parking to meet the heightened demand, the Project has resulted in a net *reduction* of parking in Lot F by 6 spots, for a total of 471 parking spaces.  (SF, ¶ 9-10, 15)  Given the increased demand, the net reduction of parking is highly disruptive in and of itself.

But even among the 471 remaining parking spaces, the vast majority are substantially less accommodating than they had been for the past four decades.  Only 86 outside, ground-level spaces remain.  (SF, ¶ 15)  The other 385 parking spaces are located in a three-level enclosed parking garage (the North Deck) in Lot F to the east of the Hacienda building. (SF, ¶ 15) And of those, the evidence at trial will show that 30 are dedicated to van pools and cannot be used by visitors to the Hacienda property, and 255 are on the second or third floors of the North Deck.  Clearly, it is more convenient to park in an open lot than to have to enter a structure and drive up multiple levels to park.

Adding to the disruption, the evidence at trial will show that there is no entry/exit point for pedestrians or pedestrian walkway on the west side of the structure which faces the Hacienda building.  The only access point on the west side is for vehicles, and pedestrians cannot use this without risking being hit by ingoing

PLAINTIFFS' OPENING BRIEF RE RREEF'S VIOLATION OF THE COREA

1  or outgoing traffic.  Thus, after parking in the structure, a pedestrian who wanted to
2  get to the Hacienda building would have to exit the structure on the north or south
3  side and walk around the outside of the structure to get to the Hacienda building.  *See*
4  *Dolnikov*, 222 Cal. App. 4th at 429 ("actions that … increase the risks attendant on
5  exercise of rights created by the easement are prohibited.").

6      Defendants' actions have significantly increased the demand for parking in Lot
7  F, diminished the available parking, and made what parking remains significantly
8  and unreasonably more difficult for Hacienda customers to use.

9

10  **B.    RREEF's Conduct Constitutes A Breach Of The COREA (Claim**
11  **1).**

12      To prevail on a claim for breach of contract, the plaintiff must prove (1) the
13  contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's
14  breach, and (4) the resulting damages to plaintiff.  *Reichert v. General Ins. Co.,* 68
15  Cal. 2d 822, 830 (1968).  Plaintiffs believe that RREEF's actions in unreasonably
16  interfering with their parking rights under the COREA constitutes a breach of the
17  COREA and intend to prove the above elements at trial.

18

19  **C.    RREEF's Unreasonable Interference With Plaintiff's Parking**
20  **Rights Constitute A Breach of the Covenant of Good Faith and**
21  **Fair Dealing and Declaratory Relief (Claim 2).**

22      It is well settled that there is an implied covenant of good faith and fair dealing
23  in every contract that neither party will do anything which will injure the right of the
24  other to receive the benefits of the agreement.  *Foley v. Interactive Data Corp.*, 47
25  Cal.3d 654, 684 (1988) (quoting *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal.2d
26  654, 658 (1958). A party can breach the covenant without "breach of a specific
27  provision of the contract." *Carma Devs. (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 2

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

PLAINTIFFS' OPENING BRIEF RE RREEF'S VIOLATION OF THE COREA

1   Cal.4th 342, 373 (1992). Rather, the question is whether the party's conduct, "while

2   not technically transgressing the express covenants . . . frustrates the other party's

3   rights to the benefits of the contract." *Racine & Laramie, Ltd. v. Dep't of Parks &*

4   *Rec.*, 11 Cal. App. 4th 1026, 1031 (1992) (quoting *Love v. Fire Ins. Exch.* 221 Cal.

5   App. 3d 1136, 1153 (1990)).

6      By reducing the total number of parking available in Lot F despite substantially

7   increasing parking demand, reducing the number of ground-level parking and

8   restricting direct access to the Hacienda Building, Defendants have, at a minimum,

9   "frustrate[d] [Plaintiffs'] rights to the benefits of the contract." *Racine & Laramie,*

10   *Ltd.*, 11 Cal. App. 4th at 1031.

11

12      **D.**     **RREEF Unreasonably Interfered With Plaintiffs' Easement**

13            **Rights (Claim 3).**

14      For all of the reasons stated above, the manner in which RREEF constructed

15   the Project constitutes an unreasonable interference with Plaintiffs' easement rights.

16

17   **IV.**    **CONCLUSION**

18      For all of the reasons explained above, along with the testimony and

19   evidence to be presented at trial, Plaintiffs believe they are entitled to judgment in

20   their favor on the claims for breach of contract, breach of the implied covenant of

21   good faith and fair dealing and unreasonable interference with easement.

22

23

24

25

26

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

PLAINTIFFS' OPENING BRIEF RE RREEF'S VIOLATION OF THE COREA

DATED:  January 27, 2022                    HILL, FARRER & BURRILL LLP


By:/s/ Stephen Tomasulo
Kevin H. Brogan
Dean E. Dennis
Stephen J. Tomasulo
Attorneys for Plaintiffs and Counter-Defendants 3500 Sepulveda, LLC and 13th & Crest Associates, LLC, and Counter-Defendant 6220 Spring Associates, LLC

HFB 2478107.1 T4501 002

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

PLAINTIFFS' OPENING BRIEF RE RREEF'S VIOLATION OF THE COREA

# PROOF OF SERVICE

I, Monica Makiyama, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is One California Plaza , 300 S. Grand Avenue, 37th Floor, Los Angeles, California 90071-3147. On January 27, 2022, I served a copy of the within document(s):

### PLAINTIFFS' OPENING BRIEF RE RREEF'S VIOLATION OF THE COREA

☐     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below.

☐     by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a agent for delivery.

☒     **BY CMF/ECF NOTICE OF ELECTRONIC FILING**: I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system. Participants in this case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

☐     by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 27, 2022, at Long Beach, California.

_/s/Monica Makiyama_
MONICA MAKIYAMA

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147

*3500 Sepulveda, LLC v. RREEF America Reit II Corporation BBB*
USDC Central District Case No. 2:17-cv-08537 SB (JPRx)

<u>SERVICE LIST</u>

| | |
|---|---|
| Michael G. Romey<br>Sarah F. Mitchell<br>Michelle Cornell-Davis<br>LATHAM & WATKINS LLP<br>355 S Grand Ave, Suite 100<br>Los Angeles, CA 90071-1560 | *Attorneys for Defendants RREEF*<br>*AMERICA REIT II CORPORATION*<br>*BBB and MACY'S WEST STORES, INC.,*<br>*and Counterclaimant RREEF AMERICA*<br>*REIT II CORPORATION BBB* |

Tel:  (213) 485-1234
Fax:  (213) 891-8763
Email:  michael.romey@lw.com;
sarah.mitchell@lw.com;
michelle.cornell-davis@lw.com

| | |
|---|---|
| Miri Gold<br>LATHAM & WATKINS LLP<br>10250 Constellation Blvd., Suite 1100<br>Los Angeles, CA 90067 | *Attorneys for Defendants RREEF*<br>*AMERICA REIT II CORPORATION*<br>*BBB and MACY'S WEST STORES, INC.,*<br>*and Counterclaimant RREEF AMERICA*<br>*REIT II CORPORATION BBB* |

Tel:  (424) 653-5500
Fax:  (424) 653-5501
Email:  miri.gold@lw.com

HFB 2397650.1 T4501 002

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA
300 S. GRAND AVENUE, 37TH FLOOR
LOS ANGELES, CALIFORNIA 90071-3147