**HILL, FARRER & BURRILL LLP**
Kevin H. Brogan (Bar No. 089427)
kbrogan@hillfarrer.com
Dean E. Dennis (Bar No. 112616)
ddennis@hillfarrer.com
Stephen J. Tomasulo (Bar No. 181013)
stomasulo@hillfarrer.com
One California Plaza
300 S. Grand Avenue, 37th Floor
Los Angeles, California 90071-3147
Telephone: 213.620.0460
Fax: 213.624.4840

Attorneys for Plaintiffs/Counter-Defendants
3500 SEPULVEDA, LLC and 13th & CREST ASSOCIATES, LLC, and Counter-Defendant 6220 SPRING ASSOCIATES, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| 3500 SEPULVEDA, LLC, a Delaware limited liability company; and 13th & CREST ASSOCIATES, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>RREEF AMERICA REIT II CORPORATION BBB, a Maryland corporation; MACY'S WEST STORES, INC; and Does 1-25, inclusive,<br><br>Defendants.<br><br>RREEF AMERICA REIT II CORPORATION BBB, a Maryland corporation<br><br>Counter-Claimant,<br><br>3500 SEPULVEDA, LLC, a Delaware limited liability company, et al.<br><br>Counter-Defendants. | Case No. 2:17-cv-08537-AFM<br><br>**TRIAL BRIEF OF PLAINTIFFS AND COUNTERDEFENDANTS 3500 SEPULVEDA, LLC, 13th & CREST ASSOCIATES, LLC AND 6220 SPRING ASSOCIATES, LLC**<br><br>DATE: February 6, 2023<br>TIME: TBD<br>CTRM: 780<br>JUDGE: The Honorable Alexander F. MacKinnon<br><br>Date Action Filed: October 11, 2017 |

## I. INTRODUCTION

Defendant and Cross-Complainant RREEF America REIT II Corp. BBB ("RREEF America") asserts three claims against Plaintiffs and Cross-Defendants 3500 Sepulveda LLC, 13, Crest Associates LLC and 6220 Spring Associates LLC ("Hacienda Parties") arising from an October 8, 2008 settlement agreement ("Settlement Agreement") between the parties: (1) Breach of Contract; (2) Breach of the Implied Covenant of Good Faith and Fair Dealing; and (3) Declaratory Relief.

All of the claims are based on RREEF's premise that the Hacienda Parties breached the Settlement Agreement by opposing RREEFs project to expand the Manhattan Village Shopping Center ("Project") to the City of Manhattan Beach, filing a writ petition regarding the Project's approval in court, and playing some role in a third party's CEQA action that challenged the Project.  (See RREEF's Memorandum of Contentions of Law and Fact (Doc. 172 on the Court's Docket, p. 15-20).  RREEF alleges these actions delayed the Project and resulted in substantial damages.

All of the Hacienda Parties' alleged conduct was permitted under the Settlement Agreement because RREEF materially deviated from the plans agreed to in the Settlement Agreement.  In their October 26, 2022 Motion For A Legal Determination That The Hacienda Parties' Alleged Conduct Cannot Constitute A Breach Of The Settlement Agreement, and the November 23, 2022 Reply in support of that motion, the Hacienda Parties set forth their position that, in light of this Court's March 1, 2022 Order (Doc. 197 in the court's docket) ("March Order"), the Hacienda Parties' alleged conduct, even if proven, does not breach the Settlement Agreement.  All of the alleged conduct was permitted under the Settlement Agreement because RREEF materially deviated from the site plan for the Project agreed to in the Settlement Agreement.  The referenced briefs also explain that, in light of the California Supreme Court's recent decision in *Olson v.*

*Doe*, 12 Cal.5th 669 (2022), the Hacienda Parties have not waived the privilege afforded by Civil Code Section 47 which is also a complete defense to RREEF's claims.

The Hacienda Parties understand that the Court has reviewed their briefs and will not repeat those arguments here other than to note that RREEF has essentially acknowledged that the Hacienda Parties' position on this issue is correct. Specifically, RREEF acknowledged in previous briefing that the Hacienda Parties would retain all of their rights and remedies if RREEF were to materially deviate from the plans, including opposing the Project to the City:

> Moreover, a correct interpretation of the Settlement Agreement (i.e., recognizing that the Settlement Agreement does not place any limits on RREEF America's ability to make changes to the 2008 Project Plans) would not leave Plaintiffs without recourse if RREEF America were to construct a project that Plaintiffs found to be injurious to their rights. **Indeed, in this case, Plaintiffs are pursuing claims for violation of their easement rights under a separate contract between the parties, the "COREA."** While Plaintiffs' claims are meritless because the Project does not interfere with or in any way violate Plaintiffs' easement rights, *assuming arguendo that RREEF America engaged in some sort of actionable activity, Plaintiffs' remedies would in no way be limited to the Settlement Agreement*."

[1/20/22 Opening Brief re: Legal Interpretation of Settlement Agreement (ECF No. 182), at p. 18:17–27.]

The Court adopted RREEF's position on this issue:

> Given this language and structure, the Agreement must be interpreted to allow that RREEF might not pursue the proposed project and might pursue a completely different project – in which case the Agreement would not prevent objection by Plaintiffs. Indeed, the Agreement provides that RREEF could make material changes to the Site Plan and Parking Plan, with the only proviso that if RREEF did make such changes, then Plaintiffs were entitled to notice and to object before the City. (Agreement Section 5c.) ***The rights to notice and to object preserve Plaintiffs' ability to assert their property rights under the law and pursuant to any other legal agreement (such as the COREA).***

[March 1, 2022 Order on Interpretation of the Settlement Agreement at p. 9 (emphasis added).]

The Hacienda Parties respectfully submit that because RREEF materially deviated from the plans in the Settlement Agreement, the Hacienda Parties were well within their right to take the actions they are alleged to have taken.

Moreover, even if the Hacienda Parties' actions violated the Settlement Agreement, RREEF will not be able to establish that those actions were a legal cause of any delay of the Project for at least the following reasons:

- Many residents of Manhattan Beach actively opposed the Project in front of the City, not just the Hacienda Parties;
- RREEF's inability to get Macy' approval of the Project delayed the Project and the City's approval of the Project;
- The Project plans were materially changed by RREEF approximately 30 times, which resulted in significant delays;
- The Hacienda Parties were not a party to the CEQA action that allegedly

delayed the Project; and

- RREEF experienced significant delays in getting approval for the Project from the City, independent of any actions taken by the Hacienda Parties.

RREEF will not be able to establish that the Hacienda Parties caused any delay of the Project. But even if RREEF is able to establish that the Hacienda Parties breached the Settlement Agreement *and* those breaches delayed the Project – which it cannot -  it will not be able to prove damages. RREEF's damages model is based on a deeply flawed and inaccurate methodology. The evidence at trial will establish that RREEF did not sustain any damages from the delays of the Project, and certainly not the substantial sums suggested by RREEF's expert.

## II. RREEF WILL NOT BE ABLE TO ESTABLISH THE ELEMENTS OF ITS COUNTERCLAIMS

### A. Breach Of Contract (First Counterclaim)

The elements of a claim for breach of contract are:

1. The existence of a valid contract;
2. The performance of the contract or excuse for nonperformance by the party asserting the claim or counterclaim;
3. The responding party's breach of the contract;
4. The party asserting the claim or counterclaim suffered resulting damages.

*See Richman v. Hartley*, 224 Cal.App.4th 1182, 1186 (2014)

### B. Breach of Implied Covenant of Good Faith and Fair Dealing (Second Counterclaim)

The elements of a claim for breach of the implied covenant of good faith and fair dealing are:

1. The existence of a valid contract;
2. The party asserting the claim or counterclaim did all, or substantially all, of the significant things that the contract required it to do, or was

5
TRIAL BRIEF

excused from doing so;

3. All conditions required for the responding party's performance had occurred;

4. The responding party unfairly interfered with the asserting party's right to receive the benefits of the contract; and

5. The asserting party suffered resulting damages.

CACI 325 (2018).

### C. Declaratory Relief (Third Counterclaim)

The elements of a claim or declaratory relief are:

1. An actual and substantial controversy has arisen, and now exists, between the parties;

2. The parties have adverse legal interests;

3. The controversy is of sufficient immediacy and reality to warrant the issuance of declaratory judgment; and

4. A judicial declaration is necessary and appropriate in order to determine the respective rights and obligations of the parties.

28 U.S.C. § 2201; *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1222 (9th Cir. 1998).

### D. RREEF's Counterclaims All Fail

The Hacienda Parties agree that the Settlement Agreement is a valid contract. However, in order to prevail on Counterclaim 1 and/or 2, RREEF will need to prove that it performed under the Settlement Agreement and that the Hacienda Parties either breached the contract or unfairly interfered with RREEF's right to receive the benefits of the Settlement Agreement, thereby resulting in damages. RREEF cannot do so.

As explained above, (1) because RREEF materially deviated from the approved Site Plans, the Hacienda Parties' conduct does not constitute a breach of the Settlement Agreement nor did it unfairly interfere with RREEF's right to

receive the benefits of the Settlement Agreement; (2) the Hacienda Parties were not the cause of any delays of the Project; and (3) RREEF will not be able to prove damages.  RREEF will not be able to prevail on Counterclaim 1 or 2.

With regard to Counterclaim 3 for Declaratory Relief, there is no actual controversy that currently exists that merits resolution by a judicial declaration and RREEF cannot prevail on that claim.

### III. THE HACIENDA PARTIES WILL ESTABLISH THE ELEMENTS OF THEIR AFFIRMATIVE DEFENSES

Plaintiffs assert the following affirmative defenses to RREEF's counterclaims:

1. Excuse
2. Justification
3. Waiver

#### A. Excuse

Plaintiffs can establish the defense of excuse by proving either of the following:

1. RREEF breached an important part of the Settlement Agreement, or
2. RREEF's conduct was the type of breach that made it more likely that RREEF would breach important parts of the Settlement Agreement in the future.

1 California Forms of Jury Instruction MB300D.78

As discussed above Plaintiffs will introduce testimony and documents establishing that RREEF intentionally and materially deviated from the Site Plans agreed to in the Settlement Agreement and intentionally failed to satisfy its obligations with regard to parking during construction.  This evidence satisfies the elements of the defense of excuse.

#### B. Justification

To establish the defense, Plaintiffs must show that the alleged actions of Plaintiffs were justified because they were privileged under California Civil Code §

47 in that the statements and actions were made (1) in the course of judicial proceedings; or (2) any other official proceeding authorized by law.

In their October 26, 2022 Motion For A Legal Determination That The Hacienda Parties' Alleged Conduct Cannot Constitute A Breach Of The Settlement and the November 23, 2022 Reply in support of that motion, the Hacienda Parties set forth their position that, in light of the California Supreme Court's recent decision in *Olson v. Doe*, 12 Cal.5th 669 (2022), the Hacienda Parties have not waived the privilege afforded by Civil Code Section 47 which is a complete defense to RREEF America's claims.

### C. Waiver

To establish this defense, Plaintiffs must show that (1) RREEF knew that Plaintiffs were required to perform under the Settlement Agreement; and (2) RREEF freely and knowingly gave up its rights to have Plaintiffs perform under the Settlement Agreement. *See* CACI 336.

As discussed above, RREEF intentionally deviated in material ways from the Site Plans agreed to in the Settlement Agreement and thus gave up its right to have the Hacienda Parties perform under the Settlement Agreement.

### IV. CONCLUSION

For the reasons explained above, the Hacienda Parties respectfully submit that RREEF will not be able to sustain its counterclaims and the Hacienda Parties are accordingly entitled to a defense verdict in this phase of the trial.

| | |
|---|---|
| DATED: January 23, 2023 | HILL, FARRER & BURRILL LLP |

By: */s/ Stephen Tomasulo*
    Kevin H. Brogan
    Dean E. Dennis
    Stephen J. Tomasulo
    Attorneys for Plaintiffs and Counter-Defendants 3500 Sepulveda, LLC and 13th & Crest Associates, LLC, and Counter-Defendant 6220 Spring Associates, LLC

HFB 2322121.1 T4501 002